Filed 10/6/23  P. v. Hymes CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B324489 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA012237) |
| v. | |
| LESTER HYMES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kelvin D. Filer, Judge. Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

A jury convicted defendant and appellant Lester Hymes (defendant) of willful, deliberate and premediated attempted murder.  Briefly stated, the evidence at trial proved defendant attempted to rob the victim, and when the victim had no money, assaulted him and shot him in the face.  The trial court sentenced defendant to life in prison plus a term of 14 years.  Many years later, defendant petitioned for resentencing pursuant to Penal Code section 1172.6 (former Penal Code section 1170.95).  The trial court summarily denied the petition.

Defendant's appointed attorney in this appeal filed an opening brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216.  We ordered the record augmented with a copy of the jury instructions from defendant's trial, and the instructions reveal the jury was not instructed on the natural and probable consequences doctrine.  We also invited defendant to personally submit a supplemental brief and he has done so, contending his petition should have been granted and his sentenced reduced to time served.

The sole argument in defendant's two-paragraph supplemental brief appears to be the claim that there are documents from his case which have been destroyed, and those missing documents prevent him from establishing error in the denial of his resentencing petition.  Defendant, however, does not identify the destroyed documents or explain why their absence entitles him to relief.  The point is inadequately developed (not to mention inadequately substantiated) and forfeited for that reason.

Having considered and resolved defendant's contention, we shall affirm the order under review.  (*Delgadillo, supra*, 14 Cal.5th at 231-232.)

DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, Acting P.J.

We concur:


MOOR, J.


KIM, J.